STARKEY CONSTRUCTION, INC. ET AL *v.*
ELCON, INC. ET AL

5-5199                                              457 S. W. 2d 509

Supplemental opinion on rehearing delivered
September 21, 1970

CARLETON HARRIS, Chief Justice. In its petition for re-hearing, appellant points out that the trial court found that the recovery by appellee, First National Bank, of $6,287.00 on the last check given by Starkey, should have been reduced by $858.48, representing the proceeds given Treadway by Elcon, but later paid by Starkey under a consent judgment. This credit would reduce the total judgment of the appellee to $5,428.52. Appellee agrees that this contention and the relief sought should be granted.

It is also pointed out that Starkey should be entitled to retain a judgment against appellee, First State Bank for $425.77, occasioned by a certain payment made by appellant to Barber-Coleman Co., mentioned in paragraph five of the petition for re-hearing. The bank does not dispute this assertion, and the contention is held valid.

All other contentions raised by appellant have been heretofore considered, and are held to be without merit. The petition for re-hearing is accordingly denied except as to the relief afforded in the previous paragraphs.

Appellant also asks for a clarification of the find-

ing against Graybar, this court being requested to specify the appropriate date of estoppel, and whether such estoppel applies as to the amount due Graybar "as to each successive check or whether they are cumulative and the last check estops the entire prior account".

We held Graybar estopped because of the totality of its conduct. Graybar notified Starkey on October 25, 1967, before any progress payments had been made, that it was handling the electrical materials on the job at Arkadelphia for Elcon, and it requested that checks for the material be made co-payable to Graybar and Elcon covering the material furnished as billed. Yet, despite this request, and despite the fact that Graybar, according to its evidence, knew nothing about the progress payments, Starkey was not notified of the failure to receive payments until June 28, 1968. It was also apparent from the evidence that Graybar had only endeavored to keep the Elcon account under $5,000. Based on these facts, we held Graybar to be estopped.

We are really unable to see that it makes any difference whether the estoppel is held to apply as to the amount due Graybar from each successive check or whether the last check estops the entire prior account, since we are holding Graybar to be estopped on the entire prior account, no effort having been made to collect any money from Elcon until the account exceeded $5,000, and no notice being given to Starkey until June. Under the particular facts of this case, the estoppel would appear applicable in either, or both, instances.